UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA GAIL LAMBERSON,<br><br>        Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 17-06350-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On August 28, 2017, Anita Gail Lamberson ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on December 13, 2017. On March 19, 2018, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 54 year-old female who applied for Social Security Disability Insurance and Supplemental Security Income benefits on April 12, 2013, alleging disability beginning February 1, 2010. (AR 21.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 1, 2010, the alleged onset date. (AR 23.)

Plaintiff's claims were denied initially on November 19, 2013. (AR 23.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Barbara Dunn on May 14, 2015, in Los Angeles, California. (AR 21.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 21.) Vocational expert ("VE") June C. Hagen also appeared and testified at the hearing. (AR 21.)[1]

A supplemental hearing was held on December 17, 2015, in Los Angeles, California. (AR 21.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 21.) VE Gail L. Maron also appeared and testified. (AR 21.) Medical expert ("ME") Darius Ghazi, M.D., testified by telephone. (AR 21.)

The ALJ issued an unfavorable decision on February 3, 2016. (AR 21-30.) The Appeals Council denied review on July 14, 2017. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ properly considered the testimony of Plaintiff.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

---

[1] At the close of the hearing, the ALJ held the record open for 30 days to allow Claimant time to submit additional medical records. (AR 21.)

2

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment

meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since February 1, 2010, the alleged onset date. (AR 23.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: lumbar degenerative disc disease and arthralgia; lumbar radiculitis;

4

bilateral carpal tunnel syndrome, status-post carpal tunnel release; status-post right Achilles tendon repair; anemia; osteoarthritis of the bilateral knees; and obesity. (AR 24.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 24-25.)

The ALJ then found that Plaintiff had the RFC to perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with the following limitations:

> Claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently, and stand and/or walk three hours in an eight-hour day. She can never climb ladders, ropes, and scaffolds or work around hazards. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl.

(AR 25-28.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely credible." (AR 26.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as an athletic director. (AR 28.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 29-30.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

**I. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM ALLEGATIONS**

Plaintiff contends that the ALJ erred in discounting her subjective symptom allegations. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence,

including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Bernhart, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.      Analysis**

Plaintiff has the medically determinable impairments of lumbar degenerative disc disease and arthralgia, lumbar radiculitis, bilateral carpal tunnel syndrome, status-post Achilles tendon repair, anemia, osteoarthritis of the bilateral knees, and obesity. (AR 24.) She alleges an inability to work because of chronic nerve damage and arthritis of the joints that are causing increasing pain in the back, hips, feet and hands. (AR 25.) She claims she can stand only five minutes before taking a break and must use a cane to walk. (AR 25.)

Nonetheless, the ALJ assessed a sedentary work RFC for Plaintiff except she can lift/carry 20 pounds occasionally and 10 pounds frequently and stand or walk but three hours in an eight hour workday. (AR 25.) In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause Plaintiff's alleged symptoms. (AR 26.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms are "not entirely credible." (AR 26.) Because the ALJ did not make any finding of malingering, she was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

### 1. The Medical Evidence

The ALJ found that Plaintiff's subjective symptom allegations are inconsistent with the medical evidence. (AR 26, 28.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, the ALJ's RFC is based on the opinion of the testifying expert, orthopedic surgeon Dr. Darius Ghazi, who reviewed the entire record. (AR 28, 64-75.) At the hearing on December 17, 2015, he assessed Plaintiff with a sedentary RFC. (AR 28, 64-75.) Dr. Ghazi testified that Plaintiff was "suffering from bilateral knee pain, as well as lumbar spine pain, and mild degenerative disease of both knees, not to any severity requiring any measures." (AR 65.) He further stated that lumbar spine pain and findings on the imaging are age appropriate. (AR 65.) He stated that Plaintiff "generally . . . doesn't have any discernible orthopedic issues that would render her disabled." (AR 65.) He testified she has degenerative arthritis of the bilateral knees "of a very mild degree." (AR 67.) Dr. Ghazi limited Plaintiff to three hours of standing and walking and to six hours sitting. (AR 68.) He opined Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently. (AR 68-70.) The ALJ gave Dr. Ghazi's opinion great weight. (AR 28.)

1       Dr. Robert MacArthur, another consulting orthopedist, examined Plaintiff on August 21,
2 2012, and found no noticeable atrophy of measured muscle groups.  (AR 28, 295.)  She was in
3 apparent comfort with normal posture and normal gait pattern.  (AR 295.)  She had essentially
4 normal motor strength.  (AR 297.)  Physical examination findings of joint line tenderness and
5 patellar grind combined with x-ray findings were consistent with mild to moderate bilateral knee
6 degenerative joint disease and moderate to severe chondramalacia patella.  (AR 26, 297.)  The
7 examination was unremarkable in all other respects.  (AR 26.)  Dr. MacArthur assessed Plaintiff
8 with a medium work RFC capable of lifting 50 pounds occasionally and 25 pounds frequently.
9 (AR 298.)  He opined that Plaintiff did not need a cane for ambulation and should not engage in
10 overhead activity.  (AR 298.)  The ALJ gave some weight to Dr. MacArthur's opinion but gave
11 less weight to his opinion that Plaintiff can perform medium work with no overhead reaching.
12 (AR 28.)  The ALJ noted Dr. MacArthur did not review Plaintiff's medical records.  (AR 28.)  The
13 ALJ concluded that the record shows Plaintiff cannot sustain medium work and does not
14 contain any evidence to substantiate limitations in overhead reaching.  (AR 28.)

15       Plaintiff also was examined on September 21, 2013, by consulting neurologist, Dr. Xia-
16 Quan Yuan.  (AR 28, 310-312.)  The ALJ gave little weight to Dr. Yuan's opinion that Claimant
17 can lift and carry 10 pounds occasionally and less than 10 pounds frequently.  (AR 28.)  The
18 ALJ found that the severity of Dr. Yuan's assessment is not warranted by the objective findings
19 and treatment history.  (AR 28.)  He also noted that Dr. Yuan did not review Plaintiff's medical
20 records other than the consulting orthopedist's report.  (AR 28.)  As already noted, the testifying
21 medical expert, an orthopedic surgeon, assessed a light work RFC with a lift/carry restriction of
22 20 pounds occasionally and 10 pounds frequently.  (AR 68.)  The contradictory opinions of
23 other physicians provide specific, legitimate reasons for rejecting a physician's opinion.
24 Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).

25       The ALJ properly assessed the medical evidence.  Plaintiff contends that the ALJ did not
26 consider handling limitations, specifically that she was treated for right hand numbness.  Yet
27 the record makes clear that the ALJ did consider Plaintiff's right hand numbness.  (AR 26.)
28 Similarly, Plaintiff asserted that the ALJ did not consider Dr. Yuan's finding that sensation was

8

significantly reduced bilaterally. Yet the record not only makes clear that the ALJ considered this finding (AR 26) but also discounted Dr. Yuan's opinion. (AR 28.)

Plaintiff, moreover, did not even discuss the findings and opinions of Dr. Ghazi and Dr. MacArthur. Plaintiff does not cite any medical source opinion that she is disabled.

### 2. Treatment History

The ALJ found that Claimant's overall treatment history is inconsistent with the allegations of disability. (AR 27.) The ALJ described Plaintiff's treatment as "irregular, infrequent, conservative and noninvasive." (AR 27.) The ALJ also commented that Claimant's conditions have been managed with, at most, conservative care. (AR 26.) An ALJ may consider conservative treatment in evaluating credibility. Tommasetti, 533 F.3d at 1039. Despite a February 1, 2010 alleged onset date, Plaintiff's medical records date back only to December 2011. (AR 26.) The ALJ noted that Plaintiff had physical therapy in 2012 after her Achilles tendon repair but did not present to an orthopedic clinic until late 2013. (AR 27.) She had a steroid injection to the right knee, to which she responded well. (AR 27.) She participated in physical therapy in 2015 and on July 28, 2015, presented without pain and reported increasing her physical activity. (AR 27.) In September 2015, she reported her right knee was stronger and less symptomatic after physical therapy. (AR 27.) She reported medication was helping. (AR 27.) In early October, she restarted physical therapy to treat lumbar degenerative disc disease. (AR 27.) Progress notes on October 14, 2015, state that her back pain was stable and well controlled with the current regimen. (AR 27.) Impairments and limitations that can be controlled with medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006).

### 3. Activities Of Daily Living

The ALJ also found that Claimant's reported daily activities are inconsistent with disabling impairments, which is a legitimate consideration in evaluating credibility. (AR 27.) Bunnell, 947 F.2d at 345-46. In December 2014, Claimant stated she had been doing well, denied symptomalogy and reported riding her bicycle and wanting to start running. (AR 26.) The attending physician noted that the surgical studs for the Achilles tendon repair were stable

and released her to activities as tolerated. (AR 26.) In 2015, she presented without pain and reported increasing her physical activity, including biking in the gym for at least 45 minutes. (AR 27.) Plaintiff contends that her daily activities do not prove she can work, but they do suggest that Claimant has greater abilities than she alleges, as the ALJ found. (AR 27.) See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

* * *

Plaintiff challenges the ALJ's credibility finding but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

* * *

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## ORDER

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: August 28, 2018

                                                  */s/ John E. McDermott*
                                                JOHN E. MCDERMOTT
                                      UNITED STATES MAGISTRATE JUDGE